UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANE DOE, <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION, et al., <br><br> Defendants. | CASE NO. C12-0322JLR <br><br> ORDER TO SHOW CAUSE REGARDING VENUE |

## I. INTRODUCTION

On February 24, 2012, Plaintiff Jane Doe, proceeding *pro se*, filed a complaint against the Federal Bureau of Investigation ("FBI"), the San Diego Public Defenders Office, the San Diego Office of Assigned Counsel, the San Diego Public Safety Group, the Department of Homeland Security, and various individual defendants alleging violations of her civil rights under 42 U.S.C. § 1983, sexual assault and battery, false imprisonment, human trafficking, negligent treatment of a prisoner, and other claims.

ORDER- 1

(*See generally* Compl. (Dkt. # 1-3).) Ms. Doe did not pay the filing fee; instead, she filed a motion to proceed *in forma pauperis*. (Mot. (Dkt. # 1).) For the reasons stated below, the court finds that Ms. Doe's case appears to lack proper venue in the Western District of Washington under 28 U.S.C. § 1391, and therefore appears to warrant transfer to the Southern District of California under 28 U.S.C. § 1406(a). In addition, Ms. Doe's case also appears to warrant a transfer of venue to the Southern District of California for the convenience of the parties and witnesses and in the interest of justice under 28 U.S.C. § 1404(a). Accordingly, the court orders Ms. Doe to show cause within 14 days of the date of this order why the court should not transfer this matter pursuant to 28 U.S.C. § 1406 or 28 U.S.C. § 1404(a) to the United States District Court for the Southern District of California.

## II. ANALYSIS

Because Ms. Doe is appearing *pro se*, the court has liberally construed her pleadings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). Even construing Ms. Doe's complaint liberally, however, it appears to the court that the Western District of Washington is an improper venue for Ms. Doe's claims. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (stating that the court may raise defective venue *sua sponte* where defendants have not yet filed a responsive pleading and the time for doing so has not yet run).

Ms. Doe has sued federal agencies, including the FBI and the Department of Homeland Security, along with several federal employees. (Compl. at 1-3.) Under 28 U.S.C. § 1391(e), "[a] civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may . . . be brought in any judicial district in which . . . a substantial part of the events or omissions giving rise to the claim occurred . . . or . . . the plaintiff resides . . . ." 28 U.S.C. §§ 1391(e)(1)(B), 1391(e)(1)(C).[1] Because Ms. Doe resides in this district (*see* Compl. at 2), she may have thought that venue was appropriate in this district based on 28 U.S.C. § 1391(e)(1).

Section 1391(e), however, also provides that additional defendants may be joined with federal defendants only in accord with "such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party." 28 U.S.C. § 1391(e). In addition to the foregoing federal defendants, Ms. Doe has sued the San Diego Public Defenders Office, the San Diego Office of Assigned Counsel, the San Diego Public Safety Group, and other individual defendants who are not federal defendants. (*See* Compl. at 1-3.) Although a plaintiff has several broad venue options regarding federal defendants, including the district in which the plaintiff resides, section 1391(e) imposes an additional burden on a plaintiff who wishes to join non-federal defendants in her suit. *Knight v. Corp. for Nat'l and Cmty. Serv.*, No. Civ.A. 03-2433, 2004 WL 2415079, at * 3 (E.D. Pa. Oct. 28, 2004). Under section 1391(e), a

---

[1] Venue is also proper under 28 U.S.C. § 1391(e) in any judicial district in which "a defendant in the action resides." 28 U.S.C. § 1391(e)(1)(A).

plaintiff must demonstrate that venue is proper as to each non-federal defendant in an action by relying on a separate venue provision. *Id.* (citing 17 James Wm. Moore, et al., Moore's Federal Practice ¶ 110.31[5] (3d ed. 1999)). Accordingly, the court must determine proper venue for the remaining defendants as if the federal defendants were not parties. *See Hensley v. U.S. Dist. Ct.*, No. CIV S-07-1546 FCD DAD PS, 2008 WL 480000, at *5 (E.D. Cal. Feb. 19, 2008).

Section 1391(b) provides as follows:

A civil action may be brought in--

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Therefore, unlike section 1391(e), subsection (b) does not bestow venue in the judicial district in which the plaintiff resides. Accordingly, venue appears to be proper as to both the federal and non-federal defendants only in the judicial district in which "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. §§ 1391(b)(2), 1391(e)(1)(B). Although Ms. Doe's complaint is not the model of clarity, construing it liberally and drawing all reasonable inferences in her favor, it appears to the court that all or most of Ms. Doe's allegations contained therein occurred

in or around San Diego, California.  (*See generally* Compl.)  Venue, therefore, appears to lie not in this district but rather in the Southern District of California.

Where venue is improper, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  The decision regarding whether to dismiss or transfer a case filed in the wrong venue is within the court's discretion.  *See Costlow*, 790 F.2d at 1488.  Accordingly, the court orders Ms. Doe to show cause within 14 days of the date of this order why the court should not transfer this matter to the Southern District of California.

In addition, even if venue were technically correct in this district, section 1404(a) of Title 28 authorizes a district court to transfer a civil action "[f]or the convenience of the parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought . . . ."  28 U.S.C. § 1404(a); *see also Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (stating that a transfer under section 1404(a) is governed "according to an individualized, case-by-case consideration of convenience and fairness") (internal quotation marks and footnote omitted).  A district court may transfer an action *sua sponte* under 28 U.S.C. § 1404(a).  *Wash. Pub. Util. Group v. U.S. Dist. Ct.*, 843 F.2d 319, 326 (9th Cir. 1987).

In considering whether to transfer a case under § 1404(a), the court may consider a number of non-exclusive factors—(1) the plaintiff's choice of forum, (2) the convenience of the parties, (3) the convenience of the witnesses, (4) the ease of access to the evidence, (5) the familiarity of each forum with the applicable law, (6) the feasibility of

consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time to trial in each forum. *See Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) (citing *Jones*, 211 F.3d at 498–99). In considering the above factors, the court concludes that here it appears that factors 2, 3, 4, 5, and 7 weigh in favor of transfer to the Southern District of California, factors 1 and perhaps 8 weigh against transfer, and factor 6 is neutral. Therefore, it appears to the court that this matter should be transferred to the Southern District of California pursuant to 28 U.S.C. § 1404(a). Accordingly, the court also orders Ms. Doe to show cause within 14 days of the date of this order why this matter should not be transferred to the Southern District of California pursuant to 28 U.S.C. § 1404(a), as well.

### III. CONCLUSION

Based on the foregoing, the court ORDERS Ms. Doe to file a memorandum no longer than five pages within 14 days of the date of this order which shows cause why the court should not transfer this matter to the United States District Court of the Southern District of California pursuant to either 28 U.S.C. § 1406 or 28 U.S.C. § 1404(a).

Dated this 6th day of March, 2012.

JAMES L. ROBART
United States District Judge