UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JANE DOE,

Plaintiff,

v.

KENNETH KRAUSE, et al.,

Defendant.

CASE NO. C12-322 JLR

ORDER ON "MOTION FOR RE-ASSIGNMENT OF JUDGE"

On April 16, 2012, Plaintiff filed a "Motion for Vacate of Dismissal (*sic*)… and for Re-Assignment of Judge." Dkt. No. 8. She alleges that "Judge Robart has some sort of now obvious indoctrination in military, DoD, or other such Intelligence Agencies that has clouded his ability to be unbiased." Id., p. 1.

Pursuant to Local General Rule 8(c), Judge Robart reviewed plaintiff's motion, declined to recuse himself voluntarily, and referred the matter to the undersigned. Dkt. No. 9. Plaintiff's motion for voluntary recusal is therefore ripe for review by this Court.

**DISCUSSION**

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." A federal judge also shall disqualify himself in circumstances where he has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1).

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. Preston v. United States, 923 F.2d 731, 734 (9th Cir.1992); United States v. Conforte, 624 F.2d 869, 881 (9th Cir.1980). In Liteky v. United States, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible.

Id. at 555.

This is precisely the situation presented by the facts of this case. Plaintiff cites Judge Robart's finding that her complaint lacked credibility and his subsequent dismissal of her action as the sole evidence of his alleged prejudice and bias. The simple fact that a judge has made adverse rulings in a case does not form the basis for a recusal. Plaintiff presents no evidence

(aside from his adverse rulings) that Judge Robart has "a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding."

This Court finds that Judge Robart's impartiality in this matter cannot reasonably be questioned. The motion to disqualify Judge Robart from presiding over this case will be DENIED.

The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

Dated this 16th day of May, 2012.

Marsha J. Pechman
Chief United States District Judge