1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANE DOE, | CASE NO. C12-0322JLR |
| Plaintiff, | ORDER FOLLOWING REMAND AND DISMISSING COMPLAINT WITHOUT PREJUDICE |
| v. | |
| KENNETH KRAUSE, | |
| Defendant. | |

On February 24, 2012, Plaintiff Jane Doe filed a request to proceed in forma pauperis[1] along with a complaint describing a broad conspiracy[2] or "vendetta"[3] against

---

[1] (*See* App. to Proceed IFP (Dk. # 1).) Ms. Doe's submission on February 24, 2012, also included an application for court-appointed counsel (Dkt. # 1-2), and a motion to seal references to her address (Dkt. # 1-1). On March 20, 2012, the court denied Ms. Doe's motion for court appointed counsel (Dkt. # 4).
[2] (*See* Compl. (Dkt. # 1-3) at 4, 5, 12, 13, 23.)
[3] (*See id.* at 9.)

ORDER- 1

1 her involving murder,[4] "systematic rape,"[5] forced prostitution,[6] "imposed starvation,"[7]
2 and human trafficking.[8]

3     Ms. Doe named as defendants the Federal Bureau of Investigation ("FBI"), the
4 Department of Homeland Security, the San Diego Office of Assigned Counsel, the San
5 Diego Public Safety Group, and various individuals whom Plaintiff identifies as "peace
6 officers, intelligence, and/or Federal Agents" (collectively, "Defendants").[9] Plaintiff has
7 also alleged the involvement of various homeowners associations[10] and the Central
8 Intelligence Agency ("CIA"), although the CIA does not appear to be a defendant.[11]

9     According to Ms. Doe's complaint, Defendants conspired to engage in a

> massive attack to erroneously make Plaintiff look like a pornographer, prostitute, child abuser, elderly abuser, crazed terrorist, dangerous crazy person as to cover up their crimes they committed against her . . . to begin to make her look like a person capable of a terrorist attack as defendants did/do have a terrorist act they wish to perform and through their botched targeting of Plaintiff defendant began to see her as person they could set up to pin their intended terror attack on, and when that didn't work they did seek to kill Plaintiff in other ways and eventually engaged in attempting to lure her, force her, starve her[,] abduct her, and rape her into prostitution through defendants human trafficking ring that they cosset in the ESCALA development and protect through defendants ESCALA HOA & BOARD MEMBERS, INTELLIGANCE [sic] AGENTS, and DEFENSE employees & contractors.

---

[4] (*See id.* at 3.)
[5] (*See id.*)
[6] (*See id.* at 5.)
[7] (*See id.* at 3.)
[8] (*See id.* at 5.)
[9] (*See id.* at 3.)
[10] (*See id.* at 5.)
[11] (*See id.*)

ORDER- 2

(Compl. at 5.) [12] Ms. Doe also alleged that Defendants "conspired to drug, abduct, and rape Plaintiffs [sic] roommate" so that she would "leave town" thereby "enabl[ing] [certain defendants] to surreptitiously, deceitfully, illegally, and with deliberate malicious intent rent a room in Plaintiffs residence as to enact premeditated harms, damages, set up's [sic], future false imprisonment, abuse, and human trafficking against Plaintiff." (*Id.* at 6.) Ms. Doe also alleged that Defendants conspired to have hidden video equipment installed in her home and to sexually assault her on video in order to force her into prostitution or make it look like she "gains money through pornography." (*Id.* at 6, 12.) Plaintiff alleged that these hidden cameras were later removed with the help of police. (*Id.* at 10.)

On April 6, 2012, the court dismissed Ms. Doe's complaint under 28 U.S.C. § 1915(e)(2)(B) because it is frivolous and fails to state a claim upon which relief may be granted. (Order (Dkt. # 6) at 10.) The court also dismissed the action under 28 U.S.C. §1406(a) based on lack of venue because "a substantial part of the events or omissions giving rise to the claim occurred" in another judicial district, *see* 28 U.S.C. §§ 1391(b)(2), 1391(e)(1)(B), namely the Southern District of California. (*Id.* at 9-10; *see generally* OSC (Dkt. # 2).) The court's dismissal, however, was entered with prejudice. (*Id.* at 10.)

---

[12] These allegations are identical to allegations contained in a complaint filed last year in the Southern District of California. (*See* Cause No. 11-cv-2153 (S.D. Cal., filed Sept. 16, 2011 [Dkt. # 1].)

1     Ms. Doe appealed the court's order of dismissal.  (*See* Not. of App. (Dkt. # 12).)

2 On September 7, 2012, the Ninth Circuit Court of Appeals issued an order that vacated

3 this court's order of dismissal with prejudice "because a substantial question existed

4 regarding [Ms. Doe's] competency to proceed pro se."  (9th Cir. Ord. (Dkt. # 16) at 1.)

5 Accordingly, the Ninth Circuit remanded the case for entry of dismissal without

6 prejudice.  (*Id.*)  On October 31, 2012, the Ninth Circuit issued its mandate with respect

7 to its order.  (*See* Dkt. # 17.)

8     Pursuant to the Ninth Circuit's September 7, 2012 order, the court hereby orders

9 that Ms. Doe's complaint is dismissed in its entirety pursuant to 28 U.S.C.

10 § 1915(e)(2)(B) and 28 U.S.C. § 1406(a) for the reasons stated in this court's April 6,

11 2012 order, but without prejudice.

12     Dated this 5th day of November, 2012.

                                  JAMES L. ROBART
                                  United States District Judge

ORDER- 4